IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAROLAND ROBINSON, )
)
    Plaintiff, )
)
v. )   Civil Action No.:
)
V.E. WHITEHURST & SONS, INC., )
)
    Defendant. )
_____)

## **COMPLAINT**

COMES NOW the Plaintiff, DAROLAND ROBINSON, ("PLAINTIFF"), and files this Complaint against Defendant, V.E. WHITEHURST & SONS, INC. ("DEFENDANT") respectfully stating unto the Court the following:

## **GENERAL ALLEGATIONS**

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA.

2. At all material times, PLAINTIFF was a citizen and resident of Alachua County, Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated a trucking company in Levy County, Florida, which is where PLAINTIFF worked at all material times.

## BACKGROUND

4. In or around September 2015, DEFENDANT hired PLAINTIFF to work as a truck driver and he remained in that capacity until he was terminated on or about September 6, 2018.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331.

7. At all relevant times, PLAINTIFF was qualified to work as a truck driver for DEFENDANT.

8. Plaintiff suffers from a disability, namely hypertension, and since 2005, he has taken medications to control his blood pressure.

9. In or around August 2018, PLAINTIFF'S hypertension caused him to experience migraine headaches and he was out of work for four days.

10. Although he immediately advised his manager of his medical issues, at no time was PLAINTIFF ever advised of his right to take Family and Medical Leave nor was he presented with FMLA paperwork to complete.

11. PLAINTIFF went to a doctor after missing work for four days and the doctor increased the dosages of PLAINTIFF'S medications, which after a couple of days stopped the migraines from occurring.

12. PLAINTIFF remained out of work for two more days (six days total) before he attempted to return to work by bringing a note from his doctor advising that PLAINTIFF was capable of resuming his normal duties.

13. When he presented DEFENDANT'S driver manager with the note, he refused to accept

it and instead terminated PLAINTIFF, purportedly acting at the direction of DEFENDANT'S owner.

14. All conditions precedent to this action have occurred or been waived.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT employs and at the time of PLAINTIFF'S termination, employed within a 75 miles radius, 50 or more employees for each working day, during each of 20 or more workweeks in 2018 and the year prior.

17. In or around August 2019, PLAINTIFF advised DEFENDANT that he suffered from a serious health condition, namely a situation that required treatment for which he was required to be out of work for more than three consecutive days and which required follow-up treatment.

18. DEFENDANT terminated PLAINTIFF as soon as he attempted to return to work.

19. DEFENDANT interfered with PLAINTIFF'S right to take unpaid leave from work under the Family and Medical Leave Act and/or retaliated against him for doing so.

20. PLAINTIFF had a "serious health condition," namely an injury, impairment or physical or mental condition that involved continuing treatment by a health care provider.

21. PLAINTIFF gave appropriate notice of his need to be absent from work by notifying DEFENDANT as soon as practicable after he learned of the need for leave.

22. DEFENDANT retaliated against or otherwise interfered with the exercise of PLAINTIFF'S right to unpaid leave, *inter alia*, by: 1) terminating his employment; 2) refusing to allow PLAINTIFF to return to his job, or to an equivalent position, upon

return from leave; and 3) failing to provide PLAINTIFF with a written notice detailing the specific expectations and obligations regarding a request for leave.

23. Upon information and belief, DEFENDANT deliberately chose to avoid researching whether its conduct violated the FMLA or affirmatively evaded the law.

24. DEFENDANT'S violation of the FMLA was willful.

25. As the actual, proximate, and legal result of that violation, PLAINTIFF suffered significant economic harm, including lost wages and benefits.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, liquidated damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FMLA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1981

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. At all relevant times, PLAINTIFF was a qualified black worker.

28. Upon information and belief, DEFENDANT did not discipline a white coworker named Colby Mitchel of PLAINTIFF'S under circumstances that were similar to PLAINTIFF'S, namely missing work for medical reasons. Other than race, the difference between PLAINTIFF and the white coworker is that PLAINTIFF advised DEFENDANT that he needed time off and the white coworker did not.

29. Upon information and belief, the reason for PLAINTIFF'S termination was his race, or at

the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, punitive damages, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Section 1981; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TITLE VII

30. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

31. At all relevant times, PLAINTIFF was a qualified black worker.

32. Upon information and belief, DEFENDANT did not discipline a white coworker named Colby Mitchel of PLAINTIFF'S under circumstances that were similar to PLAINTIFF'S, namely missing work for medical reasons. Other than race, the difference between PLAINTIFF and the white coworker is that PLAINTIFF advised DEFENDANT that he needed time off and the white coworker did not.

33. Upon information and belief, the reason for PLAINTIFF'S termination was his race, or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, punitive damages, injunctive relief in the form of reinstatement to his former

position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

35. At all relevant times, PLAINTIFF was a qualified worker who suffered from a disability and/or was regarded as disabled by DEFENDANT.

36. PLAINTIFF requested an accommodation from DEFENDANT when he asked to take off from work to recover from migraine headaches caused by his hypertension.

37. Although DEFENDANT allowed PLAINTIFF to miss work, as soon as PLAINTIFF attempted to return to work, DEFENDANT terminated him.

38. Upon information and belief, the reason for PLAINTIFF'S termination was his disability and/or perceived disability, or at the very least, PLAINTIFF'S disability and/or perceived disability played a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, punitive damages, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the ADA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated:  November 7, 2019

                              Respectfully submitted,

                              **THE LAW OFFICE OF MATTHEW BIRK**

                              **/s/ Matthew W. Birk**
                              **Matthew W. Birk**
                              Florida Bar No.:  92265
                              309 NE 1st Street
                              Gainesville, FL  32601
                              (352) 244-2069
                              (352) 372-3464 FAX
                              mbirk@gainesvilleemploymentlaw.com
                              ATTORNEYS FOR PLAINTIFF