IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAROLAND ROBINSON,

    Plaintiff,

v.                                                          Case NO.: 1:19-cv-00257-AW-GRJ

V.E. WHITEHURST & SONS, INC.,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now the Defendant, V.E. Whitehurst & Sons, Inc., by and through the undersigned counsel, pursuant to Rule 56.1, Fed.R.Civ.P., files the Defendant's Motion for Summary Judgment and in support states as follows:

**INTRODUCTION**

The Plaintiff, Daroland Robinson (Plaintiff or VEW), brings a three count complaint against the Defendant, V.E. Whitehurst & Sons, Inc. (Defendant or Robinson), for Violation of the Family Medical Leave Act (FMLA), Violation of 42 U.S.C. §1981, and Violations of Title VII.  The undisputed evidence establishes that the Plaintiff was employed by the Defendant as a truck driver for approximately three years.  The record proves that in approximately May 21, 2018, the Plaintiff began to miss days at work without a written doctor's note and without a meaningful excuse.  From May 21, 2018, until August 24, 2018, the Plaintiff missed approximately 15 days of work without any written excuse or verification of medical condition.  For the week of August 27, 2018, to September 4, 2018, the Plaintiff did not come to work and did not present an excuse for the absences.  Based on the total number of unexcused absences,

the Defendant determined that the Plaintiff had resigned from his job, and the Defendant never returned to his position.  The separation of employment was a result of missed work, and the Plaintiff possesses no evidence that Defendant was terminated for an improper purpose or was related to the Plaintiff's race.

**STATEMENT OF FACTS**

1. Plaintiff was employed by the Defendant as a dump truck driver on or around March 30, 2017, and was employed until approximately August 26, 2019.  See Exhibit 1 as Plaintiff's payment schedule.

2. The Defendant is a road paving company, and each of the dump truck drivers is assigned to essentially the same truck everyday which is then assigned to a particular job, so if a driver does not attend work, the truck will sit idle and is not available to perform work.  See Exhibit 2 -  Affidavit of Jackson Whitehurst.

3. Starting on May 21, 2018, Mr. Robinson began to miss days at work without a written doctor's note and without providing a meaningful excuse.  Although Robinson informed VEW that he would be missing work, he did not provide a doctor's note or other excuse for any of the listed absences or late arrivals to work.  See Exhibit 2 -  Affidavit of Jackson Whitehurst.

4. Robinson missed work on May 15, 2018 without providing an written excuse. See Exhibit 2 -  Affidavit of Jackson Whitehurst.

5. Robinson missed work on May 29, 2018 without a written excuse.  See Exhibit 2 - Affidavit of Jackson Whitehurst.

6. Robinson missed work on June 4, 2018 without a written excuse.  See Exhibit 2 - Affidavit of Jackson Whitehurst.

7. Robinson missed work on June 18, 2018 without a written excuse.  See Exhibit 2 - Affidavit of Jackson Whitehurst.

8. Robinson missed work on July 2, 2018 without a written excuse. See Exhibit 2 - Affidavit of Jackson Whitehurst.

9. Robinson missed work on July 6, 2018 without a written excuse.  See Exhibit 2 - Affidavit of Jackson Whitehurst.

10. Robinson was late for work on July 16, 2018 by more than 3 hours and provided no written excuse.  See Exhibit 2 -  Affidavit of Jackson Whitehurst.

11. Robinson missed work on July 23, 2018 without a written excuse.  See Exhibit 2 - Affidavit of Jackson Whitehurst.

12. Robinson missed work on August 6 and August 7, 2018 without a written excuse. See Exhibit 2 -  Affidavit of Jackson Whitehurst.

13. Robinson was late for work on August 14, 2018 by more than 3 hours without a written excuse.  See Exhibit 2 -  Affidavit of Jackson Whitehurst.

14. Robinson was several hours late for work on August 20, 2018 without a written excuse. See Exhibit 2 -  Affidavit of Jackson Whitehurst.

15. Robinson was several hours late for work on August 23, 2018 without a written excuse.  See Exhibit 2 -  Affidavit of Jackson Whitehurst.

16. Robinson missed work on August 27, 2018, August 28, August 29, 2018, August 30, and August 31, 2018 without a written excuse for any of the days. See Exhibit 2 -  Affidavit of Jackson Whitehurst.

17. Robinson missed work on September 4, 2018 without a written excuse. See Exhibit 2 - Affidavit of Jackson Whitehurst.

18. On September 4, 2018, these absences were brought to the attention by Robinson's direct supervisor, Adam Bryan, who told Jack Whitehurst about Robinson's numerous absences and his failure to show up for work for a week, and based on the information provided, Jack Whitehurst instructed Bryan to tell Robinson that he no longer worked for Defendant. See Exhibit 2 - Affidavit of Jackson Whitehurst.

19. Robinson did not present any doctor's notes nor any verbal excuse for missing work or for being late for work as described above. See Exhibit 2 - Affidavit of Jackson Whitehurst.

20. Robinson has made no attempt to communicate any grievance to the main office of the Defendant, and no excuse for his absences has been presented to the Defendant. See Exhibit 3 - Affidavit of Devin Whitehurst.

21. Plaintiff basis his claim for disparate treatment by comparing his circumstances to a fellow employee of the Defendant, Colby Mitchell, who missed work once for 5 days with strep throat and once for two days for another medical condition. Exhibit 4 - Robinson Deposition Pg: 9 Ln: 8-18.

22. The testimony of Colby Mitchell establishes that the only time that he missed more than three days in row was where he missed a week for strep throat, and Mitchell testified that he did bring a doctor's note on that occasion, and he testified that he never missed more than three days without a doctor's note. Exhibit 5 - Mitchell Deposition Pg:7 Ln: 10-22.

23. Mitchell testified that he did miss two days of work without a doctor's note for an embarrassing medical condition, and he was sanctioned by taking away his company car. Exhibit 5 - Mitchell Deposition Pg. 11 Ln: 19 - Pg: 15 L: 25.

24. Mitchell has not missed any other days other than normal planned vacation leave. Exhibit 5 - Mitchell Deposition Pg. 22 Ln: 24 - Pg: 23 Ln: 9.

25. Robinson states the only disability in this case is high blood pressure, but he admits that he never told anyone that he was missing work or not feeling well because of his blood pressure, and Robinson never provided a doctor's note that time off was needed due to the blood pressure condition, and he never, in fact, requested time off as a result of the condition.  Exhibit 4 - Robinson Deposition Pg: 13 Ln: 18-24; Pg; 14 Ln:13-24: Pg: 26 Ln: 16-24.

26. Robinson asserts that it was fine for him to miss as much work as he wanted as long as he told the Defendant and let them know which is inconsistent with company policy.  Exhibit 4 - Robinson Deposition Pg: 63 Ln: 17 - Ln: 25;  Exhibit 2 - Affidavit of Jackson Whitehurst.

27. Robinson admits that he did not request leave under the FMLA either verbally or in writing.  Exhibit 4 - Robinson Deposition Pg 18 Ln:18 - Pg: 19 Ln: 14.

28. The poster for information on the FMLA was on the wall at work and provided information on how to proceed with claiming time off under the FMLA, but Plaintiff never requested special accommodations under FMLA.  Exhibit 4 - Robinson Deposition Pg: 67 Ln: 12 - Pg: 68 Ln: 11.

29. Under the civil rights violation under 42 U.S.C. 1981, Plaintiff never told anyone that he felt like he was being mistreated because he was black, and he did no remember telling anyone.  Exhibit 4 - Robinson Deposition Pg: 15 Ln: 9 - Ln: 14.

30. The Employee Handbook provides that any unexcused absence for more than three consecutive days is considered a resignation from the job, and no record exists that Robinson presented an excuse for missing work for the six consecutive days of work that led to his separation from employment.  Exhibit 3 - Affidavit of Devin Whitehurst.

31. Defendant relied upon the Employee Handbook for the determination to discharge the Plaintiff which specifically states:

> ATTENDANCE - Regular and on-time attendance is expected for efficient operation at (V.E. Whitehurst & Sons, Inc.).  Excessive absenteeism and tardiness is not only inconvenient but also cause costly problems.  While it is recognized that an occasional illness or extenuating personal reason may cause unavoidable absence from work or tardiness, regular on-time attendance is required for continued employment.  **If any employee is absent from work for 3 consecutive days without informing V.E. Whitehurst & Sons, Inc., it will be assumed that the employee resigned and employment will be terminated as of the last day worked by the employee.**  Emphasis added.

32. Defendant also references the provision of the Employee Handbook concerning Employment-at-Will which states:

> EMPLOYMENT-AT-WILL - At will means that both employees and V.E. Whitehurst & Sons, Inc. have the right to terminate employment at any time, with or without advance notice, and with or without cause.

## MEMORANDUM OF LAW

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©.  The stringent burden of establishing the absence of a

genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548(1986).  A party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of  the record, including pleadings, discovery materials and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Id. at 322-24.  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970).

## COUNT I

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

To preserve the availability of the rights granted by the FMLA, and to enforce them, "the FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, see 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act, see 29 U.S.C. § 2615(a)(1) & (2); 29 C.F.R. § 825.220©. See Barnes v. Ethan Allen, Inc., 365 F.Supp. 2d 1306 (S.D. Fla. 2005); citing to Strickland v. Water Works and Sewer Bd. of the City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001 ). Summary Judgment is appropriate under an interference

theory since no evidence exist that Plaintiff was ever denied his rights under the FMLA. Plaintiff does not allege that information on the FMLA was improperly withheld, and it is apparent from the record that the FMLA was openly posted. No written request from the Plaintiff is part of the record, and Plaintiff does not allege an oral request that was denied. Likewise, a retaliation claim is not supported by any evidence on the record. Plaintiff admits that he never requested time off under the FMLA, so the evidence does not exist to establish retaliation against the Plaintiff.

In addition to the above argument, the deposition excerpts and other evidence establish that assertions in the Plaintiff's Complaint in this matter are not true. In paragraph 17, the Plaintiff asserts that he had to be out of work for treatment of the alleged condition including follow-up treatment, and the Plaintiff has completely failed to provide any proof of this assertion. In paragraph 19, Plaintiff alleges interference with the FMLA, and evidence establishes that the Plaintiff never requested or mentioned the FMLA to the Defendant nor the need for leave. In paragraph 20, Plaintiff alleges a "serious health condition", but Plaintiff has failed to provide a single document or report to substantiate the claim. Finally, the record establishes that Plaintiff's assertions about providing notice to Defendant are also false. The only notice provided by the Defendant are text messages which only inform Defendant that Plaintiff will not be at work. No text message mentions anything about specific health concerns other than a passing reference to not feeling well. These assertions contained in the Plaintiff's Complaint are simply not true, and because those assertions represent material elements of the Plaintiff's claim, summary judgment is appropriate since these alleged facts are not true and not in dispute.

In this case, Plaintiff never engaged in the protected activity of taking FMLA time, and never made a request. Additionally, there is no evidence to suggest a nexus between the FMLA

and his separation from employment. The evidence proves that Plaintiff abandoned his employment by missing six consecutive days of work without an excuse, and this conduct was treated as an abandonment of his position. The Plaintiff's claim that there was a violation of the FMLA, whether it be under a theory of interference or retaliation, is not supported by any record evidence, and therefore, summary judgment is appropriate since no disputed issues of fact exist on this point.

## COUNT II and COUNT III

## VIOLATION OF 42 U.S.C. 1981 and VIOLATION OF TITLE VII

The Plaintiff's allegations under Count II and Count III of his complaint allege desperate treatment between himself and a white employee. Title VII has a burden-shifting retaliation standard that Plaintiff attempts to claim in this matter after Plaintiff has made a prima facie case of discrimination. See Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000). In order for Plaintiff to state a claim of retaliation based on indirect or circumstantial evidence, he must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. Parris v. Miami Herald Publishing Co., 216 F.3d 1298,1301 (11th Cir. 2000). Plaintiff is unable to assert any of these criteria. Plaintiff was engaged in unexcused absences from work and abandoned his position. The separation of Plaintiff's employment was a direct result of his failure to attend work for six consecutive days.

The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (I) that Plaintiff belongs to a racial minority; (ii) that he applied and was qualified for a job for which the

employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.  The burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection.  However, the undisputed facts prove that Plaintiff failed to show up for work and abandoned his position, so the requirements of Title VII cannot be met, so the case must be rejected and summary judgment is appropriate.

Title VII's principal nondiscrimination provision, 42 U.S.C. § 2000e-2(a)(1), holds employers liable for disparate treatment.  Ricci v. Destefano, 129 S.Ct. 2658, at 2672 (2009).  A disparate treatment claim under Title VII "occurs where an employer 'has treated a particular person less favorably than others because of' a protected trait." Id. at 2672 (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 985-86, 108 S. Ct. 2777, 101 L. Ed. 2d 827 (1988)). "A disparate-treatment plaintiff must establish 'that the defendant had a discriminatory intent or motive' for taking a job-related action." Ricci, at 2672 (citing Watson v. Fort Worth Bank & Trust, at 985-86). A prima facie case of race discrimination may be established in two ways: (1) by presenting direct evidence of discrimination or (2) by presenting circumstantial evidence using a variation of the four-part test delineated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 at 801 (1973); see also Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999).

In the instant case, Plaintiff asserts that he was treated differently than one of his white co-workers.  Plaintiff wrongfully believes that the white co-worker missed an equivalent number of days at work and was allowed to return to work while the Plaintiff was terminated for identical

conduct. The facts of the case belie the Plaintiff's assertions. In the instant case, when the white co-worker missed a week of work because of strep throat, he had a doctor's note to excuse the absences. Plaintiff did not present a doctor's note to excuse six missed days of work. The evidence further shows that the co-worker missed two days without a written excuse and was punished by taking away his company vehicle. The evidence proves that Plaintiff missed more than 15 days of work without any excuse, but was not punished for those absences. These are not similar circumstances to be compared. The court need not look beyond the elements of a prima facie discrimination case to determine that Plaintiff's belief was not objectively reasonable under either a direct evidence or circumstantial evidence analysis. Id. at 1358.

Defendant asserts that the Plaintiff has failed to carry his initial burden to establish a prima facie case of discrimination of any kind. However, even if this Court determines that the burden has shifted to the employer, in this case Defendant has articulated a legitimate, nondiscriminatory reason for the Plaintiff's separation from the company. <u>McDonnell Douglas</u> at 801. The reasonable non-discriminatory reason for the separation is that Plaintiff was chronically late and absent to work for more than 15 days with the final decision being made after the Plaintiff missed 6 consecutive days without an excuse. Other than incorrectly asserting that Plaintiff was treated differently than a white employee, the Plaintiff has no other evidence or argument to support his claims in this case. Those assertions are legally insufficient and summary judgment is appropriate.

## CONCLUSION

Summary judgment is proper only when "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56( c). After

reviewing the record and the Plaintiff's claims, this Court should conclude that the Plaintiff failed to raise or to present any evidence concerning the existence of a material issue of fact that precludes summary judgment.

                                BRASWELL LAW, PLLC

                                By: /s/
                                Jefferson M. Braswell, Esquire
                                Florida Bar No. 800996
                                116 NE 3rd Avenue
                                Gainesville, FL 32601
                                Phone (352) 416-3417
                                Attorney for Defendant
                                braswell@braswelllawpllc.com
                                tedder@braswelllawpllc.com

## CERTIFICATE OF SERVICE

     I certify that a copy of the foregoing has been served on the following addressee(s) by e-service via the E-Filing Portal this1 26th day of May, 2020.

                                /s/
                                Of Counsel

<u>Attorney for Plaintiff</u>
Matthew W. Birk, Esquire
309 NE 1st Street
Gainesville, FL 32601
Phone (352) 244-2069
mbirk@gainesvilleemploymentlaw.com